UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 AUG 11 AM 10: 22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES OF AMERICA,  )  Magistrate Docket No.
            Plaintiff,     )
                           )  '08 MJ 2474
        v.                 )
                           )  COMPLAINT FOR VIOLATION OF:
Miguel Alonso MORALES-Perales, )
                           )  Title 8, U.S.C., Section 1326
            Defendant      )  Deported Alien Found in the
                           )  United States
                           )
                           )  Title 18, U.S.C., Section 758
                           )  High Speed Flight From
                           )  Immigration Checkpoint (Felony)
                           )

The undersigned complainant, being duly sworn, states:

On or about **August 10, 2008** within the Southern District of California, defendant, **Miguel Alonso MORALES-Perales,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

On or about **August 10, 2008,** within the Southern District of California, defendant, **Miguel Alonso MORALES-Perales** while in a motor vehicle, did willfully flee and evade a checkpoint operated by the United States Border Patrol, a federal law enforcement agency, and did willfully flee federal law enforcement officers at a speed in excess of the legal speed limit: in violation of Title 18 United States Code, Section 758.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Terri L. Dimolios
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **11TH** DAY OF **AUGUST 2008.**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE



CONTINUATION OF COMPLAINT:
Miguel Alonso MORALES-Perales

# PROBABLE CAUSE STATEMENT

On August 10, 2008, Border Patrol Agent D. Neckel was assigned to traffic check duties at the U.S. Border Patrol Station Checkpoint on State Route Highway 94. All immigration signs were properly displayed and all lights were functioning properly. At approximately 6:45 a.m., Agent Neckel observed a white 2000 Toyota Solara coupe accelerate away from the Primary Inspection Agent. This area is approximately seven miles east of the Otay Mesa Port of Entry and seven miles north of the United States/Mexico International Boundary.

The Primary Inspection Agent yelled for the vehicle to stop and alerted Border Patrol Agent H. Orozco to deploy a Controlled Tire Deflation Device (CTDD) at the end of the inspection area. Agent Orozco was able to get a CTDD deployed on the front right tire of the vehicle. Agent Neckel immediately began to follow the Toyota in an unmarked agency canine vehicle, and notified Border Patrol dispatch of the checkpoint runner and that the vehicle had been "spiked". Agent Neckel continued west on SR 94 past Otay Lakes Road and was then able to observe the vehicle traveling west on Otay Lakes Road. Agent Neckel notified Agent Orozco that the vehicle was now on Otay Lakes Road and turned around to follow, at which time Agent Orozco was able to take over the position immediately behind the Toyota.

As the pursuit continued west on Otay Lakes Road, the vehicle's speed fluctuated between approximately 35 m.p.h. to 65 m.p.h., depending on the curvy and hilly roadway conditions. The Toyota crossed the double yellow center lines on numerous occasions. Agent Neckel requested air support and Other Agency notifications as the pursuit continued towards the Chula Vista city limits. Upon entering Chula Vista on Otay Lakes road, the road straightened, allowing the Toyota to travel at a higher rate of speed. The vehicle was now traveling on the front right rim, as the tire had completely disintegrated.

After crossing underneath State Route 125 at Otay Lakes Road, the driver of the Toyota attempted to turn south off of Otay Lakes Road onto a residential street. Due to the destroyed front tire the driver was unable to complete the turn. At this time the Toyota began to come to a stop. As Agents started to stop around the vehicle the Toyota accelerated away, now driving the wrong way by traveling west in the eastbound lanes of Otay Lakes Road at speeds of approximately 60 m.p.h.

Fearing for the public safety at this time, Agent Neckel accelerated ahead of the Toyota alerting the motoring public of the danger. Agent Neckel's vehicle always traveled west in the westbound lanes of Otay Lakes Road. Due to the deteriorating condition of the Toyota, Agent Neckel was able to arrive at each successive intersection prior to the arrival of the Toyota, thus providing some warning to the public.

At the intersection of Otay Lakes Road and Buena Vista Road, Agent Neckel was able to exit his vehicle and deploy a second CTDD on the Toyota, successfully hitting the right rear tire of the vehicle. Upon getting back into his vehicle, several marked units of the Chula Vista Police Department took over the pursuit. Agent Neckel continued to follow behind the CVPD units. Upon approaching the intersection of Telegraph Canyon Road and Interstate 805, the Toyota attempted to enter onto I-805 southbound. It should be noted that Otay Lakes Road becomes Telegraph Canyon Road at La Media Road. At this time the vehicle came to a complete stop in the middle of the on-ramp. The vehicle was resting on the front right transaxle, as the wheel had been completely ground down to the hub and the rear right tire was completely destroyed.

CONTINUATION OF COMPLAINT:
Miguel Alonso MORALES-Perales

Agent Neckel's position at this time allowed him the most direct route towards the defendant, later identified as **Miguel Alonso MORALES-Perales**. Agent Neckel approached **MORALES** with his weapon drawn and ordered him to raise his hands. **MORALES**, who was talking on a cell phone, ignored Agent Neckel's commands. Agent Neckel repeated his commands in both the English and Spanish languages, all of which were ignored by **MORALES**. Agent Neckel then used his collapsible steel baton to strike the drivers window. The window shattered, however the window tinting film held the glass in place, requiring a second baton strike to gain access to the vehicle.

Upon seeing the window break, **MORALES** raised his left hand and continued to talk on his cell phone with his right hand. At this time, multiple Agents rushed the vehicle and MORALES was pulled from the still running vehicle. **MORALES** was placed face down on the road and arrested by Agent Neckel at approximately 7:04 a.m. Border Patrol Agent L. Allen identified himself as a Border Patrol Agent and questioned **MORALES** regarding his citizenship, nationality and immigration documentation. **MORALES** admitted to having entered the United States without inspection, and that he is a citizen and national of Mexico. **MORALES** also stated that he was not in possession of immigration documents that would allow him to enter or remain in the United States legally. **MORALES** was transported to the Brown Field Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on August 1, 2007 through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

**MORALES** was given his Miranda rights and he stated that he understood said rights and was willing to answer questions without the presence of his attorney. **MORALES** stated that he is a citizen and national of Mexico without proper immigration documentation to enter or remain in the United States.